**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>SMITH-EMERY COMPANY, a California corporation,<br><br>        Defendant - Appellee. | No. 13-56708<br><br>D.C. No. 2:09-cv-01476-CAS-VBK<br><br><br><br>MEMORANDUM[*] |
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST; TRUSTEES OF THE OPERATING | No. 13-56830<br><br>D.C. No. 2:09-cv-01476-CAS-VBK |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ENGINEERS TRAINING TRUST,

        Plaintiffs - Appellees,

v.

SMITH-EMERY COMPANY, a
California corporation,

        Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 4, 2015
UCLA Law School, Los Angeles, Caliornia

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[**]
District Judge.

      This appeal concerns a longstanding dispute over whether or not a collective bargaining agreement ("CBA") covered post-installed anchor bolt testing and inspection work. Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees") appeal the district court's

_____

      [**] The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

judgment for Smith-Emery Company ("SEC") following a bench trial on whether the questioned work was covered.

Prior to trial, in its opposition to Trustees' motion for summary judgment, SEC argued that the CBA covered only work that required a building/construction inspector's license. In its reply, Trustees argued that SEC was precluded from litigating the licensing issue because an arbitrator had already decided the issue of whether the work was covered. The district court ruled that collateral estoppel did not bar SEC's contention that the CBA applied only to work requiring a license. The district court did not directly address whether the post-installed anchor bolt testing and inspection issue, which is a somewhat different issue than the licensing issue, had been decided by the arbitrator. At trial, Trustees unsuccessfully argued that the arbitrator's decision precluded SEC from litigating the issue of post-installed anchor bolt work.

Trustees contend in this appeal that SEC should have been precluded from litigating the issue of post-installed anchor bolt work because the issue had previously been decided against SEC by an arbitrator. The arbitrator found that Appendix B, describing covered work, was part of the CBA and that it covered "bolt testing inspection." SEC had contended that Appendix B was not part of the CBA.

3

The district court noted that the arbitration award itself did not expressly differentiate between pre- and post-installed anchor work, so the court concluded the award was ambiguous as to the proper scope of the CBA. The district court, therefore, ruled that the arbitrator did not decide the issue of post-installed anchor bolt testing and inspection. On the basis of the trial testimony, the district court determined that pre- and post-installed anchor work should be considered separately for purposes of the CBA.

The record before us indicates, however, that at the time of arbitration, the only matter in dispute was post-installed work. The parties apparently never disputed that pre-installed anchor bolt inspection was part of the CBA. The transcripts from the arbitration proceeding reflect that the issue, with respect to Appendix B, was post-installed anchor bolt testing and inspection. The president of SEC described the anchor bolt work as testing bolts "installed after concrete is poured." We therefore conclude that the arbitrator decided that post-installed work was covered work when he found Appendix B to be a part of the CBA.

At oral argument, SEC attempted to distinguish, for the first time, anchor bolt testing from anchor bolt inspection, and to argue that the arbitrator's finding that the CBA covered "bolt testing inspection" included only inspection work and

4

not testing. SEC, however, has never raised such a distinction in any prior proceeding. We decline to consider it.

Since we conclude that the arbitrator's decision that Appendix B, covering post-installed testing and inspection, was part of the CBA, the district court should have given preclusive effect to the arbitration proceeding.

SEC has cross-appealed, seeking an award of attorneys' fees for itself and a reduction of fees awarded to Trustees. In light of our decision, SEC is not entitled to fees. Trustees may be entitled to a larger award because the district court awarded fees based on the ratio of Trustees' successful claims to unsuccessful.

Accordingly, the district court's judgment is **REVERSED**, and the matter **REMANDED** for further proceedings.